# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **JOHN WILLIAMS, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 1:11-cv-647** |
| **TIME WARNER CABLE INC., and ABC COMPANIES, 1-100,** | **Judge:  S. Arthur Spiegel** |
| **Defendants.** | |

### DECLARATION OF ROBERT FORDHAM

I, Robert Fordham, declare and state under penalty of perjury as follows:

1.      I am a Vice President of Marketing for Time Warner Cable Inc. ("Time Warner Cable").  In this position, I implement certain marketing and sales initiatives for Time Warner Cable.  I am over the age of twenty-one, of sound mind, and competent to testify to the matters set forth in this Declaration.

2.      Exhibit A is a true and accurate copy of a Time Warner Cable work order signed by John Williams on October 21, 2003, along with a sample of the terms on the back of the work order.  Exhibit A incorporates by reference the terms of Time Warner Cable's Cable Modem Service Subscription Agreement (hereinafter with amendments, "Subscription Agreement").  Exhibit B is a true and accurate copy of the 2003 Subscription Agreement that was incorporated by reference into the 2003 work order that Mr. Williams executed.

3.      Exhibit C is a true and accurate copy of a work order for John Williams' account, which Rene Filiatraut executed on January 26, 2004, along with a sample of the terms on the back of the work order.  Under the terms of the work order, Ms. Filiatraut agreed that she had

authority to enter into the terms of the agreement that she executed for John Williams' account. (Ex. C, ¶ 10).

4.     Under the terms of the agreements executed by Mr. Williams and Ms Filiatraut, the continued use of Time Warner Cable's services after notice of any amendments to the Subscription Agreement constituted consent to the amended Subscription Agreement. (Ex. B, ¶ 2(e).) In accordance with those provisions, the Subscription Agreement has been amended over time. Exhibit D is a true and accurate copy of the Subscription Agreement in effect on September 20, 2011, the date on which this action was filed.

5.     In 2008, Mr. Williams agreed to the terms of a 24-month "Price Lock Guarantee" package, which provided that he would pay certain pre-established monthly fees for designated periods of time during the first 24-month period of his Time Warner Cable services. At the time, Mr. Williams was sent a confirmation letter enclosing a brochure with terms and conditions of the Price Lock Guarantee package. A true and accurate copy of a sample confirmation letter and brochure is attached as Exhibit E. As the brochure states, the terms and conditions of the Price Lock Guarantee package are "a binding addition to your Time Warner Cable Residential Services Subscriber Agreement."

6.     In February 2010, Mr. Williams was sent an automatic renewal notice for his Price Lock Guarantee package, informing him that his Price Lock Guarantee package was scheduled to renew for another 24 months on March 10, 2010. The renewal letter enclosed the Price Lock Guarantee terms and conditions, which stated that they were "a binding addition to your Time Warner Cable Residential Services Subscriber Agreement." A true and accurate copy of the renewal letter sent to Mr. Williams, along with a copy of the Price Lock Guarantee terms and conditions brochure, is attached as Exhibit F.

7.     The arbitration provisions in the most recent Subscription Agreement attached as an Exhibit allows customers to opt out of arbitration under certain terms and conditions by providing notice to TWC, but Mr. Williams never notified TWC that he wanted to exercise his right to opt-out in accordance with the terms of the Subscription Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Robert Fordham

Executed on _11 - 21 -_ , 2011